UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

NICHOLAS TAYLOR and QUINCY TAYLOR,

                Plaintiffs,                FIRST AMENDED COMPLAINT
                                                       11 CV 3050 (RJS)(RLE)

       - against -

THE CITY OF NEW YORK, MARC TRELLES,
AARON THORN, DANIEL MILLER, ISRAEL CRUZ
AND CARLOS MATOS, employees of the New York
City Police Department,

                Defendants.                Jury Trial Demanded

------------------------------------------------------------------------x

       Nicholas Taylor and Quincy Taylor, by their attorney, Matthew Flamm, allege the following upon information and belief as their Complaint:

### Nature of the Action

       1.    This civil rights action arises from the February 3, 2010 unlawful car stop and arrest of Nicholas and Quincy Taylor. Plaintiffs seeks declaratory relief pursuant to 28 U.S.C. §2201 as well as compensatory and punitive damages for violation of their civil rights under 42 U.S.C. §1983.

### Jurisdiction and Venue

       2.    This action arises under the United States Constitution and 42 U.S.C. §1983. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3). Plaintiffs assert jurisdiction over the City of New York under 28 U.S.C. §1367. Plaintiffs request that this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as do plaintiffs' federal claims.

3. Under 28 U.S.C. §1391(b) and (c), venue is proper in the Southern District of New York because defendant City of New York resides in that judicial District.

Parties

4. Plaintiff NICHOLAS TAYLOR is a citizen of the United States of America residing in the State of New York, County of Westchester.  He is the brother of Quincy Taylor.

5. Plaintiff QUINCY TAYLOR is a citizen of the United States of America residing in the State of New York, County of Westchester.  He is the brother of Nicholas Taylor.

6. Defendant CITY OF NEW YORK is a Municipal Corporation within New York State.  Pursuant to §431 of its Charter, the City of New York has established and maintains the New York City Department of Police as a constituent department or agency.  At all times relevant, the City of New York employed the Police personnel involved in the incident underlying this lawsuit.

7. Defendant MARC TRELLES, Shield 9246, was at all times relevant a duly appointed and acting employee of the the New York City Police Department and assigned to the 32nd Precinct in Manhattan.

8. Defendant AARON THORN, Shield 17386, was at all times relevant a duly appointed and acting employee of the the New York City Police Department and assigned to the 32nd Precinct in Manhattan.

9. Defendant DANIEL MILLER, Shield 2549, was at all times relevant a duly appointed and acting employee of the the New York City Police Department and assigned to the 32nd Precinct in Manhattan.

10. Defendant ISRAEL CRUZ was at all times relevant a duly appointed and acting employee of the the New York City Police Department and assigned to the 32nd Precinct in Manhattan.

11. Defendant CARLOS MATOS was at all times relevant a duly appointed and acting employee of the the New York City Police Department and assigned to the 32nd Precinct in Manhattan.

12. At all times relevant, defendants TRELLES, THORN, MILLER, CRUZ and MATOS (together, the "individual defendants") were acting under color of state law.

13. The individual defendants involved in the incidents underlying this lawsuit were, at all times relevant, agents, servants and employees acting within the scope of their employment by defendant City of New York.

Notice of Claim

14. On or about February 18, 2010, and within ninety days after claims arose, plaintiffs filed Notices of Claim upon defendant the City of New York, by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

15. The Notices of Claim were in writing and were sworn to by the plaintiffs, and contained the name and post office address of the plaintiffs.

16. The Notices of Claim set out the nature of the claims, the time when, the place where and manner by which claims arose, and the damage and injuries claimed to have been sustained.

17. The City of New York has neglected and failed to adjust the claims within the statutory time period and more than thirty days have elapsed since presentment of the claims.

18. This action was commenced within one year and ninety days after the happening of the events upon which claims are based.

Facts Underlying
Plaintiffs' Claims for Relief

19. On February 3, 2010 at approximately 9:45 p.m. at and around 2240 Adam Clayton Powell Jr. Boulevard in New York, New York, defendants Trelles, Thorn and Miller, who were in plainclothes and an unmarked car, unlawfully stopped an auto lawfully driven by Quincy Taylor. These three defendants thereafter arrested Quincy Taylor, Nicholas Taylor and others.

20. Nicholas Taylor and Quincy Taylor were taken to the 32nd Precinct Stationhouse, where they were unlawfully strip searched.

21. While at the Stationhouse, defendants Matos and Cruz, who were uniformed officers, assaulted Quincy Taylor, scratching his face and challenging him to a fight.

22. One or more of the individual defendants and other New York City Police personnel conferred and decided to charge Nicholas Taylor and Quincy Taylor, and defendant Trelles thereafter provided a false sworn statement in support of the prosecution.

23. Nicholas Taylor and Quincy Taylor were taken to Manhattan Central Booking and thereafter arraigned under New York County Criminal Court Docket No. 2010NY009448 and 2010NY009449 on the false charges of resisting arrest (PL §205.30, a misdemeanor punishable by up to one year in jail) and disorderly conduct (PL §240.20[7] a violation punishable by up to fifteen days in jail).

24. The plaintiffs were released on their own recognizance and ordered, under threat of arrest, to appear in Court on April 21, 2010.

25. Nicholas Taylor and Quincy Taylor were, in fact, required to appear in Criminal Court five times over eleven months until the charges dismissed on speedy trial grounds on January 24, 2011.

26. The individual defendants, despite having a reasonable opportunity to do so, took no action to prevent, end, or truthfully report the misconduct to which plaintiffs were subjected.

27. In addition to physical injuries and pain, defendants' acts and omissions caused plaintiffs to suffer emotional upset, shock, fright and deprivation of their constitutional rights, among other injuries.  They suffered the debasement of being publicly arrested and were subjected to the indignities and privations of New York City's arrest-to-arraignment process.

28. The individual defendants, at all times relevant, by arresting and imprisoning plaintiffs and offering false evidence to the District Attorney and to a Judge of the Criminal Court of the City of New York, acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to plaintiffs' rights and well-being.

FIRST CLAIM FOR RELIEF FOR
VIOLATING PLAINTIFFS' RIGHT TO BE FREE FROM
UNREASONABLE SEARCHES AND SEIZURES UNDER THE FOURTH AND
FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

29.  Plaintiffs repeat the allegations of paragraphs 1-28 as though fully stated herein.

30.  By the actions described above, defendants Trelles, Thorn and Miller deprived Nicholas Taylor and Quincy Taylor of rights secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983, including, but not limited to their right to be free and secure in their person and their right to be free from arrest or search, except on probable cause or pursuant to warrant.

31.  As a consequence thereof, Nicholas Taylor and Quincy Taylor have been injured.

SECOND CLAIM FOR RELIEF FOR FALSE IMPRISONMENT

32.  Plaintiffs repeat the allegations of paragraphs 1-28 as though fully stated herein.

33.  By reason of the foregoing, plaintiffs were intentionally detained and confined without privilege or probable cause to believe a crime had been committed.  Plaintiffs were aware of and did not consent to the confinement. Plaintiffs was thereby falsely arrested and imprisoned.

34.  As a consequence thereof, Nicholas Taylor and Quincy Taylor have been injured.

### THIRD CLAIM FOR RELIEF FOR
### VIOLATING PLAINTIFF QUINCY TAYLOR'S RIGHT TO BE
### FREE FROM UNREASONABLE FORCE UNDER THE FOURTH AND
### FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

35. Plaintiffs repeat the allegations of paragraphs 1-28 above as though fully stated herein.

36. By the actions described above, defendants Matos and Cruz deprived Nicholas Taylor and Quincy Taylor of rights secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983, including, but not limited to his right to be free from excessive and unreasonable force.

37. As a consequence thereof, Quincy Taylor has been injured.

### FOURTH CLAIM FOR RELIEF FOR ASSAULT

38. Plaintiffs repeat the allegations of paragraphs 1-28 as though fully stated herein.

39. By the actions described above, plaintiffs were intentionally placed in apprehension of imminent harmful and offensive contact.

40. As a consequence thereof, Nicholas Taylor and Quincy Taylor have been injured.

### FIFTH CLAIM FOR RELIEF FOR BATTERY

41. Plaintiffs repeat the allegations of paragraphs 1-28 as though fully stated herein.

42. By the actions described above, plaintiffs were intentionally touched in a harmful and offensive manner.

43.	As a consequence thereof, Nicholas Taylor and Quincy Taylor have been injured.

SIXTH CLAIM FOR RELIEF FOR MALICIOUS PROSECUTION
IN VIOLATION OF PLAINTIFFS' RIGHTS UNDER THE FOURTH AND
FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

44.	Plaintiffs repeat the allegations of paragraphs 1-28 as though fully stated herein.

45.	Defendants TRELLES, THORN and MILLER, without probable cause and with actual malice, commenced or allowed the commencement of a criminal proceeding against Nicholas Taylor and Quincy Taylor.

46.	The criminal proceeding terminated in a manner not inconsistent with innocence when the prosecution was dismissed on speedy trial grounds.

47.	 Nicholas Taylor and Quincy Taylor suffered a deprivation of liberty resulting from government seizure in the form of legal process, being compelled, under threat of issuance of an arrest warrant and arrest, to appear in Criminal Court to contest the baseless charge.

48.	As a consequence thereof, Nicholas Taylor and Quincy Taylor have been injured.

SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANT MILLER

49.	Plaintiff repeats the allegations of paragraphs 1-28 above as though fully stated herein.

50.	Defendant MILLER held the rank of Sergeant and had direct supervisory responsibility for the conduct of defendants TRELLES and THORN. Not only did defendant MILLER participate in the arrest and allow the

prosecution, he failed properly to supervise his subordinates or to otherwise take action to remedy the wrongs done to plaintiff in violation of 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

51. As a consequence thereof, Nicholas Taylor and Quincy Taylor have been injured.

### EIGHTH CLAIM FOR RELIEF FOR FAILURE TO INTERVENE TO PREVENT THE VIOLATION OF PLAINTIFFS' CIVIL RIGHTS

52. Plaintiffs repeat the allegations of paragraphs 1-28 as though fully stated herein.

53. The individual defendants, and each of them, failed to intervene to prevent, end, or truthfully report the unlawful conduct to which Nicholas Taylor and Quincy Taylor were subjected, despite having a reasonable opportunity to do so.

54. As a consequence thereof, Nicholas Taylor and Quincy Taylor have been injured.

### NINTH CLAIM FOR RELIEF FOR NEGLIGENCE

55. Plaintiffs repeat the allegations of paragraphs 1-28 as though fully stated herein.

56. The acts complained of herein resulted from defendant City of New York, through its agents, servants and employees, breaching its duty properly to instruct, supervise, monitor and control its Police employees, including instructing, supervising, monitoring and controlling the individual defendants herein.

57.     Defendant City's enforcement of laws without adequate training, supervision, monitoring or control directly resulted in the illegal car stop, seizure, arrest and prosecution of Nicholas Taylor and Quincy Taylor, and allowed defendants Trelles, Thorn and Miller to believe they could with impunity present false evidence and testimony.

58.     By reason of the foregoing, the defendant City of New York through its agents, servants, and employees, failed and refused to use such care in the performance of their duties as a reasonably prudent law enforcement provider would have used under similar circumstances.

59.     As a consequence thereof, Nicholas Taylor and Quincy Taylor have been injured.

Request for Relief

WHEREFORE, plaintiff respectfully requests that judgment be entered as follows:

- (A)   Declaratory relief as follows:
    1. A declaration that plaintiffs' right to be free from unreasonable seizures under the Fourth and Fourteenth Amendments of the United States Constitution was violated;
    2. A declaration that plaintiff Quincy Taylor's right to be free from unreasonable force under the Fourth and Fourteenth Amendments of the United States Constitution was violated;
    3. A declaration that plaintiffs' right to be free from malicious prosecution under the United States Constitution was violated;
- (B)   Compensatory damages in an amount to be fixed at trial;

      (C)      By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages from the individual defendants in an amount to be fixed at trial;

      (D)      An award to plaintiff of the costs and disbursements herein;

      (E)      An award of attorney's fees under 42 U.S.C. §1988; and

      (F)      Such other and further relief as this Court may deem just and proper.

Dated:      August 31, 2011
                Brooklyn, New York

*[signature]*

Matthew Flamm
Attorney for Plaintiffs
26 Court Street, Suite 600
Brooklyn, New York 11242
(718) 797-3117