UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

NICHOLAS TAYLOR AND QUINCY TAYLOR,

                              Plaintiffs,

-AGAINST-

THE CITY OF NEW YORK, MARC, TRELLES,
AARON THORN, DANIEL MILLER, ISRAEL
CRUZ, and CARLOS MATOS, employees of the
New York City Police Department,

                              Defendants.

-----------------------------------------------------------------X

**STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL**

11 CV 3050 (RJS) (RLE)

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/23/2012

      **WHEREAS,** plaintiffs Nicholas Taylor and Quincy commenced this action by filing a complaint on or about May 4, 2011, and an amended complaint on or about August 31, 2011, alleging that defendants violated plaintiffs' federal civil and state common law rights; and

      **WHEREAS,** defendants have denied any and all liability arising out of plaintiffs' allegations; and

      **WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

      **WHEREAS,** plaintiffs have authorized their counsel to settle this matter on the terms set forth below;

      **WHEREAS,** the City of New York served plaintiffs Nicholas Taylor and Quincy Taylor with a Rule 68 Offers of Judgment on February 13, 2012; and

      **WHEREAS,** plaintiffs Nicholas Taylor and Quincy Taylor accepted the City of New York's Rule 68 Offer of Judgment on or about February 13, 2012;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

1. The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in paragraph "2" below.

2. The City of New York hereby agrees to pay plaintiff Nicholas Taylor the sum of Fifteen Thousand Dollars and Fifty Cents ($15,000.50) in full satisfaction of all his claims, and to pay plaintiff Quincy Taylor the sum of Ten Thousand Dollars and Fifty Cents ($10,000.50), plus reasonable costs, expenses and attorneys' fees up February 13, 2012. In consideration for the payment of this sum, plaintiffs agree to dismissal of all the claims against the defendants City of New York, Marc Trelles, Aaron Thorn, Daniel Miller, and Carlos Matos, and to release defendant City of New York, and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiffs' civil rights, from the beginning of the world to the day of the date of the General Release, including claims for costs, expenses, and attorneys' fees, except for Quincy Taylor's claims arising from a February 4, 2011 encounter with New York City Police Officers, currently being pursued in Taylor v. City of New York, et al., 11 CV 3897 (SJ)(VPP), and except for the claims of Nicholas Taylor which may arise out of an August 2, 2011 encounter with the New York City Police Department.

3. Plaintiffs have assigned their rights to attorneys' fees, expenses, and costs to their attorney, Matthew Flamm, Esq.

4. Plaintiffs shall execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph "2" above and an Affidavit of Status of Liens. If Medicare has provided

payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, plaintiffs shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

5. Counsel for plaintiffs and defendants will resolve plaintiffs' claims for reasonable attorneys' fees, expenses and costs and payment for those sums will be made directly to plaintiffs' counsel. If the matter is not resolved by counsel for the parties without judicial intervention, counsel for either party may apply for a determination of reasonable attorneys' fees, expenses and costs.

6. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiffs' rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. The settlement of this action shall not be asserted by plaintiffs or their counsel in any other litigation or proceeding as evidence of wrongful conduct on the part of the City of New York or any present or former employees or agents of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

7. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

8. Plaintiffs agree to hold harmless the defendants regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter.

3

If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

9. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
April 16, 2012

MATTHEW S. FLAMM, ESQ.
Law Offices of Matthew Flamm
*Attorney for Plaintiffs*
26 Court Street, Suite 600
Brooklyn, New York 11242
(718) 797-3117

By: _____
MATTHEW S. FLAMM
*Attorney for Plaintiffs*

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
*Attorney for Defendants*
100 Church Street
New York, New York 10007
(212) 788-0824

By: _____
VIRGINIA J. NIMICK
*Assistant Corporation Counsel*

SO ORDERED:

_____
HON. RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

4